IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANSELMO JIMENEZ, | |
| Petitioner, | 8:21CV261 |
| vs. | |
| SCOTT R. FRAKES, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Respondent's Motion and Notice of Mixed Petition (filing 13) and Motion for Extension of Time (filing 16). For the reasons discussed below, Respondent's Motion and Notice of Mixed Petition will be granted in part and denied in part. Respondent's Motion for Extension of Time will be granted.

## I. BACKGROUND

Petitioner Anselmo Jimenez ("Petitioner" or "Jimenez") was convicted by a jury in the District Court of Douglas County, Nebraska, of first degree sexual assault of a child, a Class IB felony, and was subsequently sentenced to 25 to 30 years in prison. (Filing No. 14-2 at CM/ECF p. 1.) Jimenez, with his trial counsel, filed a direct appeal, alleging that the evidence was insufficient to support the guilty verdict and that he received an excessive sentence. (Filing No. 14-1 at CM/ECF p. 1; Filing No. 14-3 at CM/ECF p. 2; Filing No. 14-4 at CM/ECF p. 6.) On January 14, 2021, the Nebraska Court of Appeals entered a memorandum opinion rejecting Jimenez's assignments of error and affirming the judgment of the district court. (Filing No. 14-2.) Jimenez did not petition the Nebraska Supreme Court for further review, and the mandate was issued on February 18, 2021. (Filing No. 14-3 at CM/ECF p. 4.)

Jimenez filed his habeas petition in this court on July 12, 2021. (Filing 1.) On November 10, 2021, the court conducted a preliminary review of the petition and found that Jimenez asserted the following claims in his petition, which were condensed and summarized for clarity by the court:

> Claim One: Petitioner was unlawfully arrested by an immigration officer.
>
> Claim Two: There is insufficient evidence to support Petitioner's conviction because Petitioner had never spoken with Detective Jeffrey Shelbourn before he identified Petitioner at trial and Detective Jeffrey Shelbourn falsely testified that Petitioner bought fishing permits in 2012 and 2014.
>
> Claim Three: Petitioner's counsel failed to contact witnesses identified by Petitioner.

(Filing 9.) The court directed Respondent to file either a motion for summary judgment or state court records in support of an answer by December 27, 2021. (*Id*. at CM/ECF p. 2.)

On December 14, 2021, Respondent filed a Motion and Notice of Mixed Petition (filing 13), an Index in support of the motion (filing 14), and a Brief (filing 15). In his motion, Respondent notifies the court that Jimenez's petition is a mixed petition containing two exhausted claims and one unexhausted claim. Respondent asks the court to either (1) dismiss the habeas petition without prejudice or (2) allow Jimenez to delete the unexhausted claim and proceed on the two remaining claims. Respondent asks the court for an expedited ruling on his motion given the limited time remaining for Jimenez to file a timely motion for postconviction relief as discussed below.

## II. RESPONDENT'S PENDING MOTIONS

### A. Motion and Notice of Mixed Petition

Respondent submits that Jimenez's petition is a mixed petition containing exhausted and unexhausted claims. "An application for a writ of habeas corpus can only be granted if the applicant has exhausted all of the available state court remedies." *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *see also* 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

If a habeas claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

> The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. However, the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.

*State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009) (citation omitted). Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). Nebraska has a one-year statute of limitations for bringing postconviction actions that is similar to federal law.[1]

Upon examination, I agree with Respondent that Claims One and Two have been exhausted because they were either raised on direct appeal or could have been raised on direct appeal. Respondent is also correct that Claim Three is unexhausted. Jimenez has not filed a motion for postconviction relief in the state district court[2] which he must do in order to litigate his ineffective assistance of

---

[1] Neb. Rev. Stat. § 29-3001(4)(a) provides:

(4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal; . . . .

[2] Respondent provided a printout from JUSTICE, the Nebraska state courts' computerized record-keeping system, of Jimenez's state district court case. (Filing 14-1.) This court also has online access to JUSTICE and takes judicial notice of the state court records related to this case in *State v. Jimenez*, Case No. CR17-833, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir.

4

counsel claim since he was represented by the same counsel at trial and on direct appeal. *See, e.g.*, *State v. Williams*, 889 N.W.2d 99, 113–14 (Neb. 2017) (stating that where a defendant is represented both at trial and on appeal by the same lawyers, the defendant's first opportunity to assert the ineffective assistance of trial counsel is in a postconviction motion). As Respondent indicates, Jimenez has until February 18, 2022, to file a timely postconviction motion in the state district court raising his ineffective assistance of counsel claim. *See State v. Huggins*, 866 N.W.2d 80, 85 (Neb. 2015) (holding that a conviction becomes final—and the 1-year period of limitation for filing a postconviction motion begins to run—when a Nebraska appellate court issues the mandate in the direct appeal). Thus, Jimenez is not yet barred from presenting his ineffective assistance of counsel claim to the state courts, and his petition contains both exhausted and unexhausted claims.

When faced with a mixed petition, district courts have four options available: dismiss the petition without prejudice, stay the petition pending the outcome of state proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005), allow the petitioner to delete all unexhausted claims and proceed on the remainder, or—if the unexhausted claims are meritless—deny them under 28 U.S.C. § 2254(b)(2). *See Rhines*, 544 U.S. at 277–78. A stay and abeyance is appropriate "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 276–78 (noting that it should not be granted if a petitioner's claims are plainly meritless or if the petitioner engages in abusive litigation tactics or intentional delay). However, if the "court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id*. at 278.

---

2005) (court may take judicial notice of judicial opinions and public records). Jimenez's state court records show that he has not filed a motion for postconviction relief in the state district court.

Upon careful consideration of the record, I am unwilling to exercise my discretion under *Rhines v. Weber* and stay these proceedings. Jimenez's unexhausted claim does not appear to be plainly meritless. However, there is nothing in the record to indicate Jimenez had good cause for not pursuing his ineffective assistance claim through a state postconviction motion, an avenue for relief that is still available to him, albeit for only another 38 days or until February 18, 2022. While Jimenez indicated in his petition that the facility where he is held "is a small place with no[] help at all," he also stated that he has been in possession of his legal papers since June 2021, and he was able to file the present habeas petition. (Filing 1-1 at CM/ECF pp. 8, 11.) Thus, there is nothing to suggest he has been prevented from filing a motion for postconviction relief in the state district court.

Respondent requests that the court either dismiss the petition without prejudice or allow Jimenez to delete the unexhausted Claim Three and proceed only on Claims One and Two. I find that outright dismissal of Jimenez's petition at this juncture would be inappropriate given Respondent's calculation that Jimenez's federal habeas statute of limitations will expire in 36 days on February 16, 2022, absent the tolling period if Jimenez files a state postconviction motion before that date. (*See* Filing 15 at CM/ECF pp. 4–5.) However, I will give Jimenez an opportunity to elect whether he wishes to dismiss his petition without prejudice in order to exhaust all of his claims or whether he wishes to proceed only on his exhausted claims. *See, e.g.*, *Underdahl v. Carlson*, 381 F.3d 740, 744 (8th Cir. 2004) ("[o]ur case law indicates that a petitioner who presents a mixed petition should be allowed to amend his petition to include only his exhausted claims.")

To be clear, Jimenez must elect between the two following choices:

### *Choice One*:

Jimenez can move to dismiss the entire petition without prejudice and seek to exhaust the ineffective assistance of counsel claim in a state postconviction

motion. If he does so, he must not delay because, as stated above, he only has until February 18, 2022, to file a motion for postconviction relief in the state district court. If he elects to dismiss the entire petition without prejudice, and exhausts the ineffective assistance of counsel claim in the state courts, he could file another federal habeas corpus petition raising all three existing claims in a new petition provided that he did not delay and satisfied the one-year statute of limitations for filing federal habeas corpus petitions.[3] In that way, he could achieve review of all three of his claims.

*Choice Two*:

Jimenez can elect to proceed only on Claims One and Two, the claims that are exhausted. The court would not decide Claim Three in that event because it is clearly unexhausted. If Choice Two is made, it is unlikely that Jimenez may assert

---

[3] 28 U.S.C.§ 2244(d)(1)&(2) provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As previously stated, Jimenez presently has 36 days remaining before his federal habeas statute of limitations expires. The limitations period has not been tolled during the pendency of his present federal habeas petition. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (one-year limitations period in 28 U.S.C. § 2244(d) not tolled on the basis of a pending federal habeas corpus petition).

the ineffective assistance of counsel claim in federal court at a later date because federal law does not generally allow successive petitions.

**B. Motion for Extension of Time**

Respondent also moves the court for an extension of time. (Filing 16.) Specifically, if Jimenez elects to delete his unexhausted claim and proceed on his two remaining claims, Respondent requests that he be given 30 days after that election to file either a motion for summary judgment or state court records in support of an answer. Respondent's motion is granted.

IT IS THEREFORE ORDERED that:

1. On or before Friday, February 11, 2022, Jimenez shall file a response to this Memorandum and Order electing Choice One or Choice Two (as described above). To be clear, Jimenez must inform the court by February 11, 2022, whether he wants to dismiss his petition without prejudice so that he may return to state court to exhaust Claim Three or, alternatively, whether he wants to proceed in this court on Claims One and Two only.

2. Respondent's Motion and Notice of Mixed Petition (filing 13) is granted in part and denied in part as provided herein.

3. Respondent's Motion for Extension of Time (filing 16) is granted.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 11, 2022**: deadline for Petitioner to elect to dismiss or proceed on exhausted claims.

Dated this 12th day of January, 2022.

                                                BY THE COURT:

                                                *Richard G. Kopf*

                                                Richard G. Kopf
                                                Senior United States District Judge